UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-00403-H

SHANA PERRY, *et al.*                                                      PLAINTIFFS

V.

AUTOZONERS, LLC                                                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Shana Perry, Daryl Quiney, and Damon Harper bring this action against their former employer Defendant AutoZoners, LLC, for alleged injuries suffered during their employment in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344. After the Court's orders on Defendant's motions for summary judgment, two of Quiney and Harper's claims remain: (1) discriminatory termination based on race and (2) retaliatory termination. Defendants have moved the Court to reconsider its decision to allow the Quiney/Harper Plaintiffs to go forward with their claims of racial discrimination based on termination.

The Court has already spent considerable time attempting to analyze and to reconcile these two quite contradictory claims. The Court will continue that effort as the matter heads to trial. For the reasons that follow, however, the Court is convinced that the claims were properly identified, administratively filed, and pled in this Court.

I.

The Court finds that Defendant's motion for reconsideration is untimely, *see* Fed. R. Civ. P. 59(e), and Defendant's motion in limine to exclude all evidence and argument related to

1

Plaintiffs' racially discriminatory termination claim is inappropriate. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) (orders in limine should rarely exclude broad categories of evidence); *ABC Beverage Corp. & Subsidiaries v. U.S.*, 2008 WL 5424174, at *2 (W.D. Mich. Dec. 4, 2008) (motions in limine are not "substitutes for dispositive motions"). The Court will treat Defendant's untimely Rule 59 motion as a Rule 60(b) motion for relief from a judgment. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998); Fed. R. Civ. P. 60(b)(6). The Court, being sufficiently advised by the record, Defendant's motion, Plaintiffs' response, and the parties' final pretrial conference before the undersigned on September 18, 2013, will rule on the merits of Defendant's motion.

II.

Defendant first argues that Quiney/Harper Plaintiffs' claim of discriminatory termination based on race is not properly before this Court. It further argues that this Court created a new claim for Plaintiffs that had not previously been pleaded. Defendant contends that Plaintiffs made no mention of racially discriminatory termination in Plaintiffs' EEOC filings, Complaint, discovery, or dispositive motion practice. This case has been and continues to be a confusing one. However, the Court disagrees with the thrust of this motion.

Plaintiffs each filed an EEOC Charge of Discrimination "alleging racial discrimination and retaliation for opposing and participating in a protected activity when [they] participated in the sexual harassment investigation." ECF No. 45-8, 45-17. Plaintiff Harper's EEOC Charge reads in pertinent part:

> During the sexual harassment investigation, *only the Black employees* in the store were interviewed *and the two Black Managers were later discharged.* I believe that I was subjected to racial harassment because of my race, Black, and was discharged in retaliation for participating in a protected activity when interviewed regarding the sexual harassment investigation . . .

2

ECF No. 45-17 (emphasis added). Plaintiff Quiney's EEOC Charge reads in pertinent part:

> During the sexual harassment investigation, *only the Black employees* of the store were interviewed *and we were both terminated after being interviewed.* I believe I have been subjected to racial harassment because of my race, Black, and was discharged in retaliation for participating in a protected activity when interviewed regarding the sexual harassment investigation. . .

ECF No. 45-8 (emphasis added).

An "EEOC complaint should be liberally construed to encompass all claims 'reasonably expected to grow out of the charge of discrimination.'" *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th Cir. 2006) (quoting *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992)). "[W]here facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim.'" *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 380 (6th Cir. 2002) (quoting *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998) (internal quotations omitted). Plaintiffs' current claim for racially discriminatory termination seems to meet this standard.

Defendant argues, however, that according to *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)), Plaintiffs must have filed separate EEOC charges for discrete acts of discrimination, such as termination, within 300 days of its occurrence, or else those claims are time-barred. *Morgan* concerned the application of the EEOC charge filing period as laid out in 42 U.S.C. § 2000e-5(e)(1). In pertinent part, the Court ruled that "discrete discriminatory acts are not actionable if time barred . . ." *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113 (2002). The EEOC Compliance Manual, citing *Morgan*, declares that "[i]ndividual discrete acts that occurred before the filing period will generally be untimely—and therefore not actionable— even if they are arguably related to acts that occurred within the filing period." EEOC

3

Compliance Manual, 2009 WL 2966756, 915.003 § 2-IV.C "When Can a Discriminatory Act Be Challenged?" (August 2009) (revised in July 2005 light of *Morgan*). Plaintiffs' terminations fall within their filing periods and, as previously discussed, Plaintiffs' charges support both a retaliation and racially discriminatory termination claim.

Next, Defendant argues that Plaintiffs did not sufficiently plead a discriminatory termination claim in their complaint. Count VI of Plaintiffs' complaint is "discrimination in terms and conditions of employment based on race." ECF No. 1-2. The complaint alleges that Plaintiffs were "treated differently in the terms and conditions of employment when compared with other similarly situated Caucasian employees." *Id.* The Sixth Circuit has found that the "terms and conditions of employment" encompass termination. *Kuhn v. Washtenew County,* 709 F.3d 612, 625 (6th Cir. 2013). This pleading seems to provide Defendant with fair notice of the claim and the grounds upon which the claim rests.

Finally, Defendant argues that Plaintiffs did not specifically address racially discriminatory termination in their opposition to Defendant's motion for summary judgment. However, Plaintiffs did address differential treatment in the terms and conditions of employment. Further, in a section entitled "b. Quiney and Harper's Race Discrimination Claim," subsection "3. Defendants did not put forth a legitimate non-discriminatory reason for the racial disparate treatment suffered by Quiney and Harper," Plaintiffs argue: "The Defendants' [*sic*] provide no consistent evidence as to why Harper and Quiney were terminated for an alleged policy violation of failing to report sexual harassment . . ." ECF No. 54. Therefore, Plaintiffs address their terminations in the context of their race discrimination argument, and they did not abandon those claims.

III.

Finally, Defendant argues that *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517 (2013)) renders Plaintiffs' claim of retaliatory termination and racially discriminatory termination mutually exclusive. *Nassar* determined that claims of retaliatory termination are subject to a heightened but-for standard of causation, whereas claims of racial discrimination remain subject to the "motivating factor" test. *See Nassar*, 133 S.Ct. at 2534. Defendants argue that this heightened but-for causation standard prevents Plaintiffs from arguing both claims. The Court, finding that the two claims can be argued in the alternative in accordance with Federal Rule of Civil Procedure 8(d), will allow both of Plaintiffs' claims to proceed to trial.[1] Fed. R. Civ. P. 8(d). The Court will discuss this issue further with the parties in the context of the instructions.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for relief from a judgment (ECF No. 78) is DENIED.

IT IS FURTHER ORDERED that Defendant's motion in the alternative to exclude evidence (ECF No. 78) is DENIED.

cc: Counsel of Record

---

[1] The Court does not decide whether Plaintiffs' two claims would be mutually exclusive.