UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-00403-H

SHANA PERRY, DAMON HARPER and DARYL QUINEY        PLAINTIFFS

V.

AUTOZONERS, LLC                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Shana Perry, Daryl Quiney, and Damon Harper bring this action against their former employer Defendant AutoZoners, LLC, (AutoZone), for alleged injuries suffered during their employment in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*., and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344. Specifically, Ms. Perry brings three claims: (1) sexual hostile work environment, (2) retaliatory hostile work environment, and (3) wage discrimination on the basis of sex. Mr. Quiney and Mr. Harper each bring two claims: (1) discriminatory termination based on race and (2) retaliatory termination.

At the close of the evidence on October 21, 2013, Defendants moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 on all of Plaintiffs' claims, including the availability of punitive damages. Some of the issues were adequately discussed on the record. Others, the Court took under advisement, notified the parties of its decisions, and now supplements the initial discussion in this Memorandum.

I.

District courts should grant judgment as a matter of law only if "a complete absence of proof exists on a material issue in the action, or if no disputed issue of fact exists on which

reasonable minds could differ." *Karam v. Sagemark Consulting, Inc.*, 383 F.3d 421, 427 (6th Cir. 2004) (quoting *LaPerriere v. Int'l Union UAW*, 348 F.3d 127, 132 (6th Cir.2003)). Courts must view the evidence in the light most favorable to the non-moving party. *See Ford v. Cnty. of Grand Traverse*, 535 F.3d 483, 494 (6th Cir. 2008). The court has a "duty to enter judgment as a matter of law . . . as soon as it is apparent that either party is unable to carry a burden of proof that is essential to that party's case." Fed. R. Civ. P. 50 advisory committee's note.

II.

Here, the Court finds that Plaintiffs have not presented evidence sufficient to carry their burden on their claims for discriminatory termination based on race. In order to succeed on their claim, Plaintiffs must put forth some showing of racial animus. Plaintiffs failed to do so. The only pieces of evidence Plaintiffs put forth are: 1) they were replaced with non-African American employees, 2) both AutoZone employees allegedly fired for their participation in the sexual harassment investigation were Black, and 3) AutoZone District Manager Donnie Helstern made a comment along the lines of, "When will you people learn?"

The evidence in the trial record is not sufficient to support a finding in the Plaintiffs' favor. First, the two Plaintiffs were replaced not by two Caucasian employees, as previously understood, but rather by one Caucasian employee and one Hispanic employee, with an African American employee remaining in management at the AutoZone store. Second, there were additional African American participants in the sexual harassment investigation, Mr. Grover Jones and Ms. Shana Perry herself, who were not terminated following the conclusion of the investigation. Finally, apart from one comment from District Manager Donnie Helstern, who only approved but did not make the Plaintiffs' termination decision, there is no specific evidence of racial animus on the part of any AutoZone representative involved in the Plaintiffs'

terminations. Further, the evidence from the record indicates that the crux of Mr. Harper and Mr. Quiney's claims against AutoZone is unlawful retaliatory termination.

For all these reasons, Mr. Harper and Mr. Quiney are unable to carry a burden of proof that is essential to their case. "[T]here is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in favor of the moving party." *Ford v. Cnty. of Grand Traverse*, 535 F.3d 483, 494 (6th Cir. 2008) (quoting *Sharpe v. Cureton,* 319 F.3d 259, 266 (6th Cir. 2003) (internal quotation marks omitted).

III.

Plaintiffs have also failed to present sufficient evidence to warrant the availability of punitive damages as to (1) Ms. Perry's wage discrimination claim, and (2) Mr. Quiney and Mr. Harper's claims.

Ms. Perry clarified in her opposition brief that the basis for her sex discrimination claim against AutoZone was wage discrimination in violation of the Kentucky Civil Rights Act (KCRA), Ky. Rev. Stat. § 344.280(1). *See* ECF No. 73 (discussing Plaintiff's clarification). Punitive damages are not available in employment discrimination cases under the KCRA. *See Kentucky Dept. of Corrections v. McCullough*, 123 S.W.3d 130, 133 (Ky. 2003). Because of this, Ms. Perry cannot be awarded punitive damages arising from her state sex discrimination claim.

Mr. Harper and Mr. Quiney requested punitive damages for their racially discriminatory termination and retaliatory termination claims. As discussed above, the Court has issued a judgment as a matter of law for Defendants as to Mr. Harper and Mr. Quiney's racially discriminatory termination claims. The only outstanding issue is whether their retaliatory

termination claims warrant the option of punitive damages. The Court concludes that they do not.

Punitive damages require a showing by a preponderance of the evidence that the individual who engaged in Mr. Harper and Mr. Quiney's terminations was (1) a managerial employee, (2) acting within the scope of his or her employment, (3) with malice or reckless indifference as to Plaintiff's federal protected right to be free from discrimination. Both Plaintiffs were fired by management, so the first two prongs are met. However, Plaintiffs have not presented evidence of malice or reckless indifference sufficient to support a finding of punitive damages. Plaintiffs only produced circumstantial evidence to support their retaliation claim; their claim is premised on the notion that the reason AutoZone gave for their termination was pretextual. However, there is no direct evidence of retaliatory motive on the part of any AutoZone manager who was involved in their terminations. Because of this, the Court finds that Plaintiffs cannot meet their burden to show malice or reckless indifference.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for judgment as a matter of law as to Mr. Quiney and Mr. Harper's racially discriminatory termination claim is SUSTAINED.

IT IS FURTHER ORDERED that Defendant's motion for judgment as a matter of law as to punitive damages is SUSTAINED in part and the punitive damage claims as to Ms. Perry's wage discrimination claim; Mr. Harper's claims; and Mr. Quiney's claims are DISMISSED.

IT IS FURTHER ORDERED that Defendant's motion for judgment as a matter of law as to all other claims is DENIED.

cc: Counsel of Record