**FILED**
VANESSA L. ARMSTRONG, CLERK

OCT 22 2013

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-00403-H

SHANA PERRY, DAMON HARPER and DARYL QUINEY    PLAINTIFFS

V.

AUTOZONERS, LLC    DEFENDANT

## JURY INSTRUCTIONS

**Members of the Jury**, now that you have heard all of the evidence and the argument of the attorneys, it is my duty to give you instructions on the law applicable to this case.

It is your duty as jurors to follow the law stated in the instructions, and to apply it to the facts you find from the evidence. Do not single out one instruction alone as stating the law. Rather, consider the instructions as a whole. Do not let the wisdom of any rule of law concern you. You must apply the law in these instructions whether you agree with it or not.

Your primary duty is to determine the facts. In so doing, you must consider only the evidence I have admitted. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls. The statements, objections, and arguments of the lawyers are not evidence. What the lawyers have said is not binding upon you. You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

By telling you to consider the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the

credibility or believability of each witness and the weight to be given their testimony. You may measure the credibility of any witness by considering their demeanor on the witness stand, their frankness or lack of it, and their interest in the outcome of the case, if any.

A witness may be discredited or impeached by contradictory evidence or by evidence that the witness said or did something, or failed to say or do something, at some other time, which is inconsistent with the witness's present testimony. If you believe any witness has been impeached, and thus discredited, you may determine the weight, if any, to give such a conclusion.

The number of witnesses testifying as to the existence or nonexistence of any fact does not, necessarily, determine the weight of the evidence. The quality and credibility of the evidence is usually more important in your deliberations.

You must consider each Plaintiff and each of their claims separately. To find in favor of a Plaintiff, that Plaintiff must persuade you that his or her claim is more likely true than not. If a Plaintiff fails to persuade you on every essential element of his or her claim, then you should find for Defendant on that claim.

# INSTRUCTION NO. 1

It is unlawful for an employer to allow a sexually hostile work environment as I will define it for you. Plaintiff Shana Perry alleges that her supervisor Mark DeHaan caused a sexually hostile work environment and that AutoZone should be held responsible.

To succeed on this claim, Ms. Perry must prove each of the following elements is more likely true than not:

(1) Ms. Perry was a member of a protected class.

(2) Ms. Perry was subjected to unwelcome sexual conduct.

(3) The conduct was based on her sex.

(4) The conduct created a sexually hostile work environment.

The parties stipulate to the first three elements above. Therefore, you only need to consider element four (4).

AutoZone's definition of sexual harassment in its policies is different than the legal elements of a hostile work environment as described in these instructions. To determine whether the conduct created a sexually hostile work environment, you must decide whether the sexual conduct was severe or pervasive. To do so, you must look at all the circumstances and decide whether a reasonable person in Ms. Perry's circumstances would find the work environment to be sexually hostile or abusive. You may consider a number of factors, including the frequency of the conduct complained of; its severity; whether it was threatening or humiliating, or a mere offensive utterance; whether it unreasonably interfered with Ms. Perry's work performance; and the effect on Ms. Perry's psychological well-being. *No single factor is required* in order to find a work environment hostile or abusive.

If you find that Ms. Perry has failed to prove element four (4), enter a verdict for AutoZone on **Question 1 on the Verdict Form**, and proceed to Instruction No. 2. If you find that Ms. Perry has proved element four (4), you must consider the following instructions.

AutoZone is entitled to a verdict in its favor on this claim if it proves each of the following is more likely true than not:

(a) AutoZone exercised reasonable care to prevent and promptly correct any harassing behavior, and

(b) Ms. Perry unreasonably failed to take advantage of any preventive or corrective opportunities provided by AutoZone or to avoid harm otherwise.

If you find that AutoZone has proved both these elements, enter a verdict for AutoZone under **Question 1 on the Verdict Form**. If AutoZone fails to prove either (a) or (b), enter a verdict for Plaintiff.

Proceed to Instruction No. 2.

# INSTRUCTION NO. 2

It is unlawful for an employer to retaliate against an individual for engaging in certain protected activities. Plaintiff Shana Perry alleges that District Manager Donnie Helstern and Store Manager Mark DeHaan retaliated against her and created a hostile work environment because she complained that Mark DeHaan sexually harassed her.

To succeed on this claim, Ms. Perry must prove each of the following elements is more likely true than not:

(1) Ms. Perry engaged in a protected activity (she reported the sexual conduct by Mark DeHaan).

(2) AutoZone was aware that Ms. Perry engaged in the protected activity.

(3) Ms. Perry was subjected to severe or pervasive retaliatory conduct by Mr. Helstern and/or Mr. DeHaan.

(4) There was a causal connection between the protected activity and the harassment.

The parties stipulate to element one (1) above. Therefore, you only need to consider elements two (2) through four (4).

To determine whether the conduct created a retaliatory hostile work environment, you must decide whether the conduct was severe or pervasive. To make this determination, you must look at all the circumstances and decide whether a reasonable person in Ms. Perry's circumstances would find the work environment to be hostile or abusive. You may consider a number of factors, including the frequency of the conduct complained of; its severity; whether it was threatening or humiliating, or a mere offensive utterance; whether it unreasonably interfered with Ms. Perry's work performance; and the effect on Ms. Perry's psychological well-being. *No single factor is required* in order to find a work environment hostile or abusive.

As to element four (4), Ms. Perry must prove that it is more likely than not that her report of sexual harassment was the but-for cause of the retaliatory conduct. That is, she must prove that, had she not reported the sexual harassment, she would not have been subjected to the retaliatory conduct.

If you find that Ms. Perry has failed to prove the elements above, enter a verdict for AutoZone under **Question 2 on the Verdict Form** and proceed to Instruction No. 3. If you find that Ms. Perry has proved these elements, you must consider the following instructions.

AutoZone is entitled to a verdict in its favor on this claim if it proves each of the following elements is more likely true than not:

(a) AutoZone exercised reasonable care to prevent and promptly correct any harassing behavior, and

(b) Ms. Perry unreasonably failed to take advantage of any preventive or corrective opportunities provided by AutoZone or to avoid harm otherwise.

If you find that AutoZone has proved both of these elements, enter a verdict for AutoZone under **Question 2 on the Verdict Form**. If AutoZone fails to prove either (a) or (b), enter a verdict for Plaintiff.

Proceed to Instruction No. 3.

# INSTRUCTION NO. 3

It is unlawful to discriminate on the basis of wages because of an individual's sex. Ms. Perry alleges that, because of her sex, she was paid less than male employees who performed substantially equal work at AutoZone.

To succeed on this claim, Ms. Perry must prove each of the following elements is more likely true than not:

(1) AutoZone paid Ms. Perry less than it paid male employees.

(2) These different wages were for equal work performed in positions that require equal skill, effort, and responsibility.

(3) The work was performed under similar working conditions.

(4) AutoZone paid Ms. Perry less for this work because of her sex.

"Equal work" does not require that the jobs be identical, but only that there exists substantial equality of skill, effort, responsibility, and working conditions. Skill includes such considerations as experience, training, education, and ability. Effort refers to the physical or mental exertion necessary to the performance of a job. Responsibility concerns the degree of accountability required in performing a job. You should not base your finding on job titles or classifications but on the actual requirements and performance of each job.

Similar working conditions can but need not include factors such as whether Ms. Perry and her male counterparts were employed at the same store and location, whether they worked during the same time period, and whether they dealt with the same management.

If you find that Ms. Perry has proved all of the elements above, enter a verdict for her under **Question 3 on the Verdict Form**. If you find that Ms. Perry failed to prove any of the elements, enter a verdict for Defendant.

Proceed to Instruction No. 4.

# INSTRUCTION NO. 4

It is unlawful for an employer to retaliate against an individual for engaging in certain protected activities. Mr. Harper and Mr. Quiney each allege that they were fired in retaliation for participating in the investigation of Ms. Perry's sexual harassment complaint against Mark DeHaan. You must consider each of their claims separately.

To succeed on their claim, each must prove each of the following elements is more likely true than not:

(1) He engaged in a protected activity (participated in Ms. Perry's sexual harassment investigation).

(2) AutoZone was aware that he engaged in the protected activity.

(3) AutoZone terminated him.

(4) There was a causal connection between the protected activity and the termination.

The parties stipulate to first three elements above. Therefore, you only need to consider element four (4). Each Plaintiff must prove that it is more likely than not that participating in the sexual harassment investigation was the but-for cause of his subsequent termination. That is, he was fired because he participated in the sexual harassment investigation, not because of AutoZone's stated reason that he violated company policy. And had he not participated in the sexual harassment investigation, AutoZone would not have terminated him.

The issue is not whether AutoZone made the best employment decisions or whether you may have acted differently. You should consider application of AutoZone's policy only as it is relevant to the elements of Plaintiffs' claims.

If you find that Mr. Harper has proved the elements above, enter a verdict for him under **Question 4(a) on the Verdict Form**. If you find that Mr. Harper failed to prove any of the elements, enter a verdict for AutoZone on the same line.

If you find that Mr. Quiney has proved the elements above, enter a verdict for him under **Question 4(b) of the Verdict Form**. If you find that Mr. Quiney failed to prove any of the elements, enter a verdict for AutoZone on the same line.

Proceed to Instruction No. 5.

# INSTRUCTION NO. 5

If you found for Ms. Perry under any of Instructions No. 1, 2, or 3, you must decide the issue of damages. However, if you found for AutoZone under all of those Instructions, disregard this Instruction and proceed to Instruction No. 6.

This paragraph and the next concern only Instructions No. 1 and 2. If you found for Ms. Perry under either or both of those Instructions, she may receive compensatory damages for emotional distress. To do so, Ms. Perry must prove that those injuries were more likely than not caused by the AutoZone's wrongful conduct. An injury or damage is caused by an act when that act played a substantial part in bringing about or actually causing the injury or damage, or when the injury or damage was either a direct result or a reasonably probable consequence of the act.

Ms. Perry is not automatically entitled to damages for emotional distress. To receive emotional distress damages, she must prove that AutoZone's unlawful harassment or retaliation caused her to suffer emotional pain, suffering, mental anguish, humiliation, embarrassment, inconvenience, loss of enjoyment of life, personal indignity, or stress.

If you decide to award Ms. Perry compensatory damages for emotional distress under either Instruction 1 or 2, or both, enter the amount of those damages on **Question 5(a) of the Verdict Form.**

This next instruction concerns Instruction No. 3. If you found for Ms. Perry under that Instruction, she may receive compensatory damages for economic loss. To do so, Ms. Perry must prove that her loss was more likely than not caused by AutoZone's wrongful conduct.

In determining the amount of economic loss damages, you must determine the sum that will compensate Ms. Perry for the difference between what she was paid and what similarly situated male employees were paid by AutoZone from July 5, 2009 to February 2011.

If you decide to award Ms. Perry compensatory damages for economic loss, enter the amount of those damages on **Question 5(b) of the Verdict Form.**

Proceed to Instruction No. 6.

# INSTRUCTION NO. 6

If you found for either Mr. Harper or Mr. Quiney under Instruction No. 4, you must decide their damages. However, if you found for AutoZone under that Instruction, please disregard this Instruction and proceed to Instruction No. 7.

You must decide any compensatory damages separately for each Plaintiff. You may only award damages for injuries that a Plaintiff has proved were more likely than not caused by the AutoZone's wrongful conduct. An injury or damage is caused by an act when that act played a substantial part in bringing about or actually causing the injury or damage, or when the injury or damage was either a direct result or a reasonably probable consequence of the act.

In determining the amount of compensatory damages, you should consider:

(1) Economic loss, including back pay and benefits. This is the amount that a Plaintiff shows he would have earned had he remained an employee of AutoZone minus the amount AutoZone shows a Plaintiff received in the interim.

(2) Emotional distress. A Plaintiff must show that he has suffered emotional pain, suffering, mental anguish, humiliation, embarrassment, inconvenience, loss of enjoyment of life, personal indignity, or stress, as a consequence of AutoZone's unlawful discrimination, harassment, or retaliation.

Plaintiffs have a responsibility to take reasonable action to keep their damages to a minimum. You may take this into account in your determination of damages.

If you decide to award Mr. Harper damages for economic loss, enter the amount on **Question 6(a) of the Verdict Form.**

If you decide to award Mr. Harper damages for emotional distress, enter the amount on **Question 6(b) of the Verdict Form.**

If you decide to award Mr. Quiney damages for economic loss, enter the amount on **Question 6(c) of the Verdict Form.**

If you decide to award Mr. Quiney damages for emotional distress, enter the amount on **Question 6(d) of the Verdict Form.**

Proceed to Instruction No. 7.

# INSTRUCTION NO. 7

This Instruction concerns the award of punitive damages. The law permits you, under certain circumstances, to award the injured person punitive damages, to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

You may only award punitive damages if you have already awarded damages to Ms. Perry under Question 5(a) on the Verdict Form. If you have not awarded damages to her under that question, you may not award punitive damages to her under this Instruction.

After considering the above instructions, you may award punitive damages if Ms. Perry proves that it is more likely than not that:

(1) The individual who engaged in the discriminatory act(s) or practice(s) was a managerial employee.

(2) He or she engaged in the discriminatory act(s) or practice(s) while acting in the scope of his or her employment.

(3) He or she acted with malice or reckless indifference to a Plaintiff's federal protected right to be free from discrimination.

In determining whether an AutoZone employee was a "managerial employee," you should consider the type of authority that employee had over the corresponding Plaintiff and whether AutoZone delegated employment decisions to that employee.

An act or failure to act is "malicious" if prompted or accompanied by ill will, spite, or grudge toward a Plaintiff. An act was in "reckless indifference" to a Plaintiff's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law.

If you find all three of these elements, you may award punitive damages unless AutoZone proves that it is more likely than not that its employee's conduct was contrary to AutoZone's good faith efforts to prevent discrimination in the workplace.

You may add to the award of actual damages an amount that you unanimously agree to be proper as punitive damages. You should bear in mind that extraordinary damages, if awarded, must be fixed with clam discretion and sound reason, and must never be neither awarded nor fixed in amount because of sympathy, bias, or prejudice with respect to any party to the case.

If you decide to award punitive damages for Ms. Perry, enter the amount of those damages on **Question 7 of the Verdict Form**.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reach an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and even change your opinion, if you become convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select someone to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in the Verdict Form with respect to each issue on which you unanimously agree. The foreperson will then date the form and sign it with his or her name and jury number. You will then return to the courtroom with your verdict.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-00403-H

SHANA PERRY, DAMON HARPER and DARYL QUINEY            PLAINTIFFS

V.

AUTOZONERS, LLC            DEFENDANT

**VERDICT FORM**

Question No. 1

        Ms. Perry _____            AutoZone _____

Question No. 2

        Ms. Perry _____            AutoZone _____

Question No. 3

        Ms. Perry _____            AutoZone _____

Question No. 4

        (a) Mr. Harper _____            AutoZone _____

        (b) Mr. Quiney _____            AutoZone _____

Question No. 5

        (a) Amount of Emotional Distress Damages for Ms. Perry: $_____

        (b) Amount of Economic Loss Damages for Ms. Perry: $_____

Question No. 6

        (a) Amount of Economic Loss Damages for Mr. Harper: $_____

        (b) Amount of Emotional Distress Damages for Mr. Harper: $_____

        (c) Amount of Economic Loss Damages for Mr. Quiney: $_____

(d) Amount of Emotional Distress Damages for Mr. Quiney: $_____

Question No. 7

Amount of Punitive Damages for Ms. Perry: $_____


_____
FOREPERSON

JUROR NO. _____